**GIRL SCOUTS OF the UNITED STATES of America, and Boy Scouts of America, Plaintiffs–Appellants,**

v.

**BANTAM DOUBLEDAY DELL PUBLISHING GROUP, INC., doing business as Dell Publishing, and Judy Delton, Defendants–Appellees.**

No. 1632, Docket 93–7092.

United States Court of Appeals, Second Circuit.

Argued June 17, 1993.

Decided June 30, 1993.

James B. Kobak, Jr., New York City (Daniel H. Weiner, Hughes Hubbard & Reed, New York City, of counsel), for plaintiffs-appellants.

Richard Dannay, New York City (David O. Carson, Schwab Goldberg Price & Dannay, New York City; Harriette K. Dorsen, Suzanne L. Telsey, Bantam Doubleday Dell Pub. Group, Inc., New York City, of counsel), for defendants-appellees.

Before: CARDAMONE and MAHONEY, Circuit Judges, and CEDARBAUM, District Judge.*

PER CURIAM:

Boy Scouts of America (Boy Scouts) appeal from the December 28, 1992 judgment of the United States District Court for the South-

ern District of New York (McKenna, J.) granting the motion of defendant Bantam Doubleday Dell Publishing Group, Inc. (Dell) for summary judgment.

Plaintiffs initiated this trademark infringement action on February 17, 1989 claiming that Dell infringed their trademarks with its publication of a children's books series under the title "Pee Wee Scouts." Plaintiffs claim the books (1) infringe their registered trademarks in violation of 15 U.S.C. § 1114 (1988); (2) falsely represent and designate the origin or sponsorship of the books in violation of 15 U.S.C. § 1125(a); (3) infringe their common law trademarks in violation of New York law; and (4) injure their business reputations and dilute their trademarks in violation of N.Y.Gen.Bus.Law § 368–d (McKinney 1984). Plaintiffs registered various marks, such as "Girl Scouts" and "Boy Scouts of America," but not the word "scouts" alone.

The district court denied defendant's initial motion for summary judgment in an order dated October 10, 1989 and directed discovery to take place. Upon granting Dell's renewed motion for summary judgment, the district court held the First Amendment interest in the books outweighed a minimal risk of consumer confusion as to their source. The trial court also dismissed plaintiffs' state law claims.

On appeal, the Boy Scouts argue (1) the First Amendment does not protect the infringing marketing or trade dress aspects of the books; (2) the district court improperly resolved disputed factual issues in addressing the likelihood of consumer confusion; and (3) disputed issues of fact exist regarding the state law claims.

The Boy Scouts concede that the First Amendment protects the content of Pee Wee Scouts fiction books. However, they contend Dell's use of the word "Scouts," a neckerchief motif, cut-out merit badges, "Official Handbook" and other indicia of scouting to *market* the books infringes their trademark rights. The Boy Scouts also assert the district court erred in deciding that no material factual issue existed to support a finding of consumer confusion under the familiar test of *Polaroid Corp. v. Polarad Elec. Corp.*, 287 F.2d 492, 495 (2d Cir.), *cert. denied*, 368 U.S. 820,

82 S.Ct. 36, 7 L.Ed.2d 25 (1961). The district court correctly analyzed the *Polaroid* factors, and we agree that no factual issue under the test presently exists. Nor do we disagree with the ultimate legal conclusion that there was no likelihood of confusion. The district court also correctly dismissed the related state law claims.

Hence, we affirm substantially for the reasons stated by Judge McKenna in his careful opinion of December 28, 1992, *see Girl Scouts v. Bantam Doubleday Dell Publishing Group, Inc.*, 808 F.Supp. 1112 (S.D.N.Y. 1992).

Judgment affirmed.